NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BIENVENIDO CASILLA,

          Petitioner,

  v.

STATE OF NEW JERSEY, et al.,

          Respondents.

Civil No. 13-5681 (FLW)

OPINION

**APPEARANCES**:

    BIENVENIDO CASILLA, #355308C
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, New Jersey  08302
    Attorneys for Petitioner

**WOLFSON, District Judge**:

    Bienvenido Casilla filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction filed in the Superior Court of New Jersey, Middlesex County, on January 23, 2004, resentencing him to a 55-year aggregate sentence. Having thoroughly reviewed Casilla's voluminous submissions, this Court's docket, *see Casilla v. Ricci,* Civ. No. 08-3546 (FLW), 2009 WL 4827519 (D.N.J. filed Dec. 10, 2009), *certificate of appealability denied,* C.A. No. 10-2719 (3d Cir. Aug. 2, 2010), *cert. denied,* No. 10-6800 (Dec. 6, 2010), and the electronically available state court opinions, this Court will dismiss the Petition for lack of jurisdiction as a successive petition, *see* 28 U.S.C. 2244(b)(3)(A), and deny a certificate of appealability.

## I.  BACKGROUND

In June 2000, a jury sitting in the Superior Court of New Jersey, Middlesex County, Law Division, found Casilla guilty of the first-degree murder of Eddie Acevedo, kidnapping of Acevedo, felony murder of the same victim, racketeering, conspiracy to commit racketeering, conspiracy to commit kidnapping, attempted theft by extortion, theft by extortion, terroristic threats, possession of a weapon for an unlawful purpose, two counts of tampering with evidence, and two counts of hindering apprehension or prosecution.  *See State v. Casilla*, No. A-4838-10T4, 2012 WL 5381779 (N.J. Super. Ct., App. Div., Nov. 5, 2012).  In July 2000, the Law Division sentenced Petitioner to an aggregate term of 70 years in prison, with over 50 years of parole ineligibility.  *Id.*  On March 4, 2003, the Appellate Division of the Superior Court of New Jersey affirmed the convictions and sentences for murder and hindering apprehension, reversed the convictions for racketeering and theft by extortion, remanded for a retrial on those charges, vacated the first-degree kidnapping conviction and remanded for resentencing as a second-degree kidnapping offense.  *See State v. Casilla,* 362 N.J. Super. 554 (App. Div.), *certif. denied,* 178 N.J. 251 (2003).  The state did not retry Casilla on the racketeering and theft by extortion charges, but on January 23, 2004, the Law Division resentenced him on the second-degree kidnapping charge to a 10-year term of imprisonment, consecutive to the original murder sentence.  *See Casilla,* 2012 WL 5381779 at *1.

Casilla filed his first state post-conviction relief petition; the Law Division denied it on January 3, 2006.  *See Casilla,* 2012 WL 5381779 at *2.  The Appellate Division affirmed on June 11, 2007, and the New Jersey Supreme Court denied certification on September 26, 2007.

*See State v. Casilla,* No. No. A-2994-05T4, 2007 WL 1661462 (N.J. Super. Ct., App. Div., June 11, 2007), *certif. denied,* 192 N.J. 482 (2007) (table).

On July 14, 2008, Casilla filed his first § 2254 petition in this Court. *See Casilla v. Ricci,* Civ. No. 08-3546 (FLW), 2009 WL 4827519 (D.N.J. Dec. 10, 2009). On December 10, 2009, the undersigned dismissed the petition on the merits with prejudice and denied a certificate of appealability. *Id.* On August 2, 2010, the United States Court of Appeals for the Third Circuit denied Casilla's application for a certificate of appealability, and on December 6, 2010, the Supreme Court denied his petition for certiorari. *See Casilla v. Ricci,* C.A. No. 10-2719 (3d Cir. Aug. 2, 2010), *cert. denied,* No. 10-6800 (Dec. 6, 2010).

On May 4, 2010, Casilla filed a motion in the Law Division to compel discovery, and in January 2011, he filed his second PCR petition. *See State v. Casilla*, No. A-4838-10T4, 2012 WL 5381779 at *2. By order filed May 31, 2011, the Law Division denied the second PCR petition as untimely, and on November 5, 2012, the Appellate Division affirmed. *Id.* On June 28, 2013, the New Jersey Supreme Court denied certification. *See State v. Casilla,* 214 N.J. 119 (2013) (table).

Casilla filed his second § 2254 petition, which is presently before this Court, on September 4, 2013. (Petition, ECF No. 1.) On the face of the Petition, Casilla challenges the judgment of conviction of the Superior Court of New Jersey, Middlesex County, which resentenced him on January 23, 2004. He asks this Court to vacate his New Jersey sentence and order his release on the following grounds:

> Ground One: PETITIONER FILES AS PRO SE LITIGANT [AND] SEEKS PROCEDURAL DUE PROCESS.[1]
>
> Ground Two: EXHAUSTION OF REMEDIES ARE NOT REQUIRED ON COL[L]ATERAL ATTACK AGAINST THE CONVICTION.

---

[1] This Court will follow Petitioner's typeface conventions in recounting his claims.

Ground Three:   PETITION IS FILED TIMELY, PRIOR TO THE EXPIRATION PERIOD OF STATUTES OF LIMITATIONS.

Ground Four:   PETITIONER'S PETITION CANNOT BE DISMISSED BECAUSE THE STATE AND RESPONDENT ARE NOT ENTITLED TO ELEVENTH AMENDMENT SOVEREIGN IMMUNITY, THE STATE HAS WAIVED ALL IMMUNITIES.

Ground Five:  DEFENDANT WAS <u>ILLEGALLY BROUGH[T] TO TRIAL</u> IN STATE OF NEW JERSEY, COURTS FROM SAME CRIME THAT THE STATE OF NEW YORK ON CHARGES THAT W[]ERE BEING PROSECUTED, TO ALLOW STATE OF NEW JERSEY [TO] MERGE OTHER CHARGES AND PROSECUTE TO ACHI[E]VE MULTIPLE PUNISHMENT IN VIOLATION TO DEFENDANT'S FIFTH, ELEVENTH, AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Ground Six:   FATAL DEFECTS IN THE STATE OF NEW JERSEY GOVERNMENT'S CHARGING INSTRUMENT.

Ground Seven:  DEFENDANT WAS DEPRIVED OF HIS RIGHT [TO BE PRESENT] DURING VOIR DIRE.  THE TRIAL COURT DENIED THE DEFENDANT HIS RIGHT TO BE PRESENT AT SIDE BAR, THIS VIOLATED HIS RIGHTS UNDER <u>U.S. CONST.</u> AMEND. 6; <u>N.J. CONST.</u> ART. 1, PAR. 10 CAUSING BIAS AND PREJUDICE TO DEFENDANT BY INEFFECTIVE ASSISTANCE OF COUNSEL.

Ground Eight:   PETITIONER'S CRIMINAL CONVICTION IS AT ISSUE.

A.  <u>Petitioner Was not convicted to "murder" by the Jury, et al., facts Petitioner Adopt[s] By Reference, to Reargue The Facts, Law and Evidence on Appeal for Second Post Conviction Relief.</u>

B. <u>The No Early Release Act, is inapplicable to instant Petitioner infers to false Imprisonment [sic]</u>

C.  <u>Double jeopardy</u>

C.  <u>Deprivation by a[n] Indictment not from the Grand jury</u>

E.  <u>The Indictment was "amended"</u>

Ground Nine:   EXPIRED SENTENCE.

4

    Ground Ten:   DEFENDANT'S JUDGMENT SHOULD BE VACATED BECAUSE TRIAL COUNSEL AND APPELLATE COUNSEL INEFFECTIVELY REPRESENTED DEFENDANT.

    Ground Eleven:  NO OTHER CONCLUSION CAN BE REACHED BUT THAT THE EFFECT OF CUMULATIVE TRIAL ERRORS, COMBINED WITH TRIAL COUNSEL'S <u>OMISSIONS</u>, DURESS, AND PREJUDICE, DEPRIVED DEFENDANT OF A FAIR TRIAL.

(Petition, Grounds, ECF No. 1 at 20-29.)

## II.   DISCUSSION

A.   <u>Jurisdiction</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which governs a district court's adjudication of a second or successive § 2254 petition. Specifically, § 2244(b)(3)(A) of Title 28 provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Rule 9 of the Rules Governing Section 2254 Proceedings, entitled "Second or Successive Petitions," similarly provides: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." 28 U.S.C. § 2254 Rule 9.

Thus, a District Court lacks jurisdiction over a second or successive § 2254 petition, absent authorization from the Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place").

The Petition presently before this Court is a "second or successive" habeas petition for which Petitioner has not obtained authorization from the Third Circuit to file in this Court. Petitioner's first § 2254 petition was denied on the merits by the undersigned in 2009, and the Third Circuit denied a certificate of appealability in 2010. Petitioner has "twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his [successive] challenge. Because he did not do so, [this] Court [is] without jurisdiction to entertain it." *Burton*, 549 U.S. at 153. Because the Petition before this Court is a second or successive § 2254 Petition filed without authorization from the Third Circuit, this Court will dismiss the Petition for lack of jurisdiction. *See Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011) ("A petitioner's failure to seek such authorization from the appropriate court before filing a second or successive habeas petition 'acts as a jurisdictional bar'") (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).

B.  <u>Dismissal or Transfer</u>

"When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). If this Court were to transfer the § 2254 Petition to the Third Circuit as an application for authorization to file a second or successive petition, the Third Circuit could not authorize the filing of a second or successive § 2254 petition unless Petitioner satisfied the standard set forth in § 2244(b)(2), which provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless - (A) the applicant shows that the claim relies on a new rule of constitutional law,

>made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Here, Casilla does not allege facts indicating that a claim in the present § 2254 Petition satisfies the gatekeeping requirements of § 2244(b)(2). For example, Casilla does not point to any new rule of constitutional law, nor does he point to facts that he could not have previously discovered through the exercise of due diligence. Accordingly, this Court finds that it would not be in the interest of justice to transfer the Petition to the Third Circuit as an application for authorization to file a second or successive petition, and will dismiss the Petition for lack of jurisdiction. *Cf. Hatches v. Schultz*, 381 F.App'x 134, 137 (3d Cir. 2010) ("In deciding that it would not be in the interest of justice to transfer the petition to the Fourth Circuit, the District Court properly considered whether Hatches had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law").

C. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition for lack of jurisdiction is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

7

## III.   CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus for lack of jurisdiction and denies a certificate of appealability.

                                  s/Freda L. Wolfson
                                  **FREDA L. WOLFSON, U.S.D.J.**

DATED:   October 1, 2013