NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BIENVENIDO CASILLA,<br><br>Petitioner,<br><br>v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>Respondents. | Civil No. 13-5681 (FLW)<br><br>OPINION |

**APPEARANCES**:

    BIENVENIDO CASILLA, #355308C
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, New Jersey 08302
    Attorneys for Petitioner

**WOLFSON, District Judge**:

    Bienvenido Casilla filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction filed in the Superior Court of New Jersey, Middlesex County, on January 23, 2004, sentencing him to a 55-year aggregate sentence. This Court dismissed the Petition for lack of jurisdiction as a successive petition, *see* 28 U.S.C. 2244(b)(3)(A), and denied a certificate of appealability. Presently before this Court is Casilla's motion to reopen the case and to transfer to the Third Circuit Casilla's motion for an order authorizing this Court to consider a second or successive § 2254 petition, which motion was attached to the motion to reopen. This Court will reopen the case, transfer to the Third Circuit Casilla's motion for an order authorizing him to file a successive § 2254 petition, and deny a certificate of appealability.

On September 3, 2013, Casilla filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction entered on January 23, 2004, by the Superior Court of New Jersey, Middlesex County. (Petition, ECF No. 1.) On October 1, 2013, this Court summarily dismissed the Petition for lack of jurisdiction and denied a certificate of appealability. (ECF Nos. 2, 3.) This Court found that Casilla had previously filed a § 2254 petition challenging the same judgment, which petition this Court denied on the merits on December 10, 2009. *See Casilla v. Ricci,* Civ. No. 08-3546 (FLW), 2009 WL 4827519 (D.N.J. filed Dec. 10, 2009), *certificate of appealability denied,* C.A. No. 10-2719 (3d Cir. Aug. 2, 2010), *cert. denied,* No. 10-6800 (Dec. 6, 2010). This Court determined that Casilla's second § 2254 Petition (ECF No. 1) was a "second or successive" habeas petition for which Casilla had not obtained authorization from the Third Circuit to file in this Court. This Court held that, because Casilla did not seek or obtain authorization from the Court of Appeals before filing his successive § 2254 Petition, this Court lacked jurisdiction to entertain it. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place"); *Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011) ("A petitioner's failure to seek such authorization from the appropriate court before filing a second or successive habeas petition 'acts as a jurisdictional bar'") (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).

On October 18, 2013, Casilla signed (and presumably handed to prison officials for mailing to the Clerk) his motion asking this Court to reopen this case and to transfer to the Third Circuit his "Motion Under 28 U.S.C. § 2244 For Order Authorizing District Court To Consider

Second Or Successive Application for Relief Under 28 U.S.C. § 2254 or § 2255," which Casilla attached to his motion to reopen. (Motion for Authorization, ECF No. 4-3 at pp. 1-7.)

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(B) provides that a motion for an order authorizing the district court to consider a second or successive application "shall be determined by a three-judge panel of the court of appeals." 28 U.S.C. § 2244(b)(3)(B). Since Casilla appears to have mistakenly submitted his motion for an order authorizing the filing of a second or successive § 2254 application to this Court, instead of filing it in the Court of Appeals, this Court will transfer the motion for authorization to the Court of Appeals. *See* 28 U.S.C. § 1631. This Court will also deny a certificate of appealability, pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

  s/Freda L. Wolfson
**FREDA L. WOLFSON, U.S.D.J.**

DATED: November 1, 2013